IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN HARRINGTON, )
   Plaintiff, )
  )
v. )    Case No. 1:22-cv-451-KG-LF
  )
HERMOSILLO & NUNEZ OF NEW )
   MEXICO, LLC, )
   Defendant )

**DEFENDANT/COUNTERCLAIM PLAINTIFF HERMOSILLO & NUNEZ OF NEW MEXICO, LLC'S MOTION TO COMPEL**

Defendant/Counterclaim Plaintiff Hermosillo & Nunez of New Mexico, LLC ("H&N"), by its undersigned counsel, acting pursuant to Rule 37(a), F.R.C.P. and Local Rules 26.6 and 37.1 of this Court, D.N.M.LR-civ. 26.6 and 37.1, for reasons and good cause shown below, request this Court to order Plaintiff/Counterclaim Defendant Maureen Harrington ("Mrs. Harrington") to provide answers and produce documents responsive to H&N's interrogatory no. 22 and request for production of documents no. 4, 6 and 10, to which Mrs. Harrington objected in the responses she served on H&N on May 31, 2023. A copy of Mrs. Harrington's responses to H&N's First Set of Interrogatories and to its First Request for Production of Documents are submitted herewith as Exhibits 1 and 2, respectively.

By order entered in this matter on June 21, 2023, the time for H&N to file its motion to compel was extended through August 1, 2023 [Doc. 29].

H&N's undersigned counsel certifies that he has made repeated efforts to secure the discovery sought without the need to file a motion to compel. See undersigned counsel's emails to Mrs. Harrington's counsel dated June 14, 2023, July 19, 2023 and July 22, 2023, copies of which

are submitted herewith as Exhibits 3, 4, and 5, respectively. Harrington's counsel has not responded to these emails.

## I. BACKGROUND

The present lawsuit is one of a number of lawsuits pending in this Court in which now-deceased photographer Blaine Harrington, III had demanded compensation from those he alleged had infringed copyrights in photographs he had taken. He had accused the defendants in all these lawsuits, including H&N, of downloading images of those photographs from the web for use on the alleged infringers' websites or social media pages. For purposes of this motion, H&N assumes the Court has general familiarity with the issues in all these related cases, and will not repeat the factual background that has been described to the Court in numerous submissions in these cases.

Discovery in the form of written interrogatories, document requests and requests for admissions has been largely completed in all these cases. A principal focus of the discovery requested by those parties accused of copyright infringement by Mr. Harrington has been on Mr. Harrington's past activities in threatening and pursuing litigation against many alleged infringers. In one of the companion cases, <u>Harrington v. 360 ABQ, LLC</u>, Case no 1:22-cv-00063-KG-LF, the Defendant in that case had moved to compel discovery to which Mr. Harrington had objected at the time, and Magistrate Judge Ritter, then assigned to the case, entered a Memorandum Opinion and Order dated November 17, 2022, ordering Mr. Harrington to produce, <u>inter alia</u>, letters written on Plaintiff's behalf asserting claims of copyright infringement against accused infringers; documents including but not limited to DMCA takedown notices that are the subject of 17 U.S.C. § 512 by which he had sought the removal of photographs he had created from any website on which such photographs had been posted; and documents evidencing the terms on which he had agreed to settle claims for copyright infringement in such photographs. The only temporal

limitation on the production ordered was consistent with the defendant's request that the documents to be produced were from the period beginning January 1, 2015. See Judge Ritter's Order [Doc. 37] in that case.

It is significant that, by agreement of the parties, the Court in this matter entered a Stipulated Confidentiality Agreement and Protective Order on September 23, 2022 [Doc. 6]. Accordingly Mrs. Harrington has no legitimate basis for objecting to discovery on the basis that information might be confidential.

## II. DISCOVERY TO WHICH HARRINGTON HAS OBJECTED

The discovery requests that are the subject of H&N's motion are as follows:

<u>Interrogatory No. 22 and Document Request No. 10</u>. This interrogatory asked Mr. Harrington to identify any takedown notices he had issued since January 1, 2017 addressed to the host of a website on which a photograph he had created was posted, directing the host to remove the photograph from the website; and to identify the website host, the photograph, and the date and substance of any action taken by the host. In response to that interrogatory, Harrington referred to documents being produced in response to request for production of documents No. 10.

In response to document request no. 10, seeking copies of takedown notices Harrington had sent seeking the removal of any photographs he had created from any website, Harrington stated that he would produce non-privileged documents responsive to this request ranging from January 1, 2017 through January 28, 2022.[1] Notwithstanding the absence of justifiable reason for limiting the time period to a cutoff date of January 28, 2022, Harrington produced no documents responsive to that request. If he had no such documents, he could have and should have so stated.

---

[1] The documents produced by Mrs. Harrington's counsel were appropriately grouped and identified by the request number to which thy were responsive. There was no group identified to request no. 10.

3

Further, the fact that he produced no such documents made his answer to interrogatory no. 22 misleading at best. By first stating that the information sought by interrogatory no. 22 would be provided in documents to be produced in response to document request no. 10, and then saying in his response to that document request that he would produce responsive documents, and then producing no responsive documents, Harrington engaged in knowingly misleading responses to both those discovery requests.

Document Request No. 4. In that document request H&N sought documents supporting Harrington's allegation that H&N had acted willfully in allegedly infringing the copyright in the Subject Photograph. In response Harrington said he would produce documents responsive to that request. But Harrington in fact produced no documents evidencing any willfulness on the part of H&N in connection with its alleged infringement. In the absence of any such evidence, Harrington should not have stated that he was producing any such documents, which itself was intentionally misleading.

Document Request No. 6. This document request sought documents evidencing the terms on which Harrington had agreed to settle claims for infringement with respect to the photographs he had taken, from January 1, 2017 to the present. In response Harrington limited the term of documents he would produce to those prior to January 28, 2022, without justification. This is the same date he referenced in response to document request no. 10, discussed above. Mr. Harrington seeks to justify imposing that cutoff date by referencing it to the date on which he filed a similar lawsuit against another of H&N's counsel's clients. That is no justification at all. It represents an arbitrary effort to limit H&N's discovery, causing one to wonder about what responsive documents entered after January 28, 2022 Harrington does not want to disclose.

H&N is not seeking to compel Harrington to provide interrogatory answers or responsive

documents other than identified and discussed above.

## III. ARGUMENT

A. Standard governing scope of discovery.

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Rule 26(b)(1), F.R.C.P. The factors that bear upon proportionality are: "the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its like benefit." Id. The Federal Rules of Evidence define relevant evidence as that which has "any tendency to make a fact more or less probable than it would be without the evidence," where "the fact is of consequence in determining the action." Rule 401, F.R.E.

The scope of discovery under the federal rules is broad. Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995); Sanchez v. Matta, 229 F.R.D. 649, 654 (D.N.M. 2004). ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information."). Rule 26 and the specific rules that follow are intended to implement the basic proposition that knowledge of the relevant facts is essential to proper litigation. Hickman v. Taylor, 329 U.S. 495, 507 (1947). As a result, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 649 (D.N.M. 2007) (internal quotation marks omitted) (brackets in original).

While discovery is not without limits, to legitimately resist discovery a party must shoulder

the burden of showing it should not be required to comply. Generally, a party opposing discovery has the burden of showing discovery is not warranted:

> When discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

Johnson v. Kraft Foods N. Am., Inc. 237 F.R.D. 648, 653 (D. Kan. 2006). Only when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. Id. Only when a discovery request "is overly broad on its face or when relevancy is not readily apparent" does the proponent have the burden of showing relevancy, Id.

The concept of proportionality, introduced into Rule 26(b)(1) by the 2015 Amendments to the Federal Rules, was intended to emphasize the need to be pragmatic in weighing the factors to be applied in determining what discovery was appropriate, given the particular facts of any given case in which disputes might arise. See Committee Notes accompanying the 2015 Amendment. It was not intended to limit discovery seeking relevant information uniquely within the control of an objecting party that is clearly relevant to central issues in a lawsuit, especially when--as is here the case--there is no basis to find that the discovery sought by H&N would create extraordinary burdens for Harrington's compliance. See, e.g. Landry v. Swire Oilfield Services, LLC, 323 F.R.D. 360, 379-382 (D.N.Mex. 2018). (concept of proportionality was always a part of the standards governing discovery, but was emphasized in the 2015 amendments to confirm the need to be reasonable and avoid wasteful discovery concerning tangential matters that would impose unreasonable burdens on the party from whom discovery was sought). H&N notes here--and

acknowledges with respect to its document requests--that it is not expecting Harrington to produce documents that do not exist, or that he (or his agents and representatives) do not have in their possession, custody or control.

B. Discovery sought by H&N is relevant to issues in the case.

In order to establish its defense of copyright misuse and its counterclaims for unfair practices and prima facie tort, H&N will have to offer evidence supporting its allegations that Harrington's lawsuit was brought as part of a business scheme, i.e., a practice he has consciously adopted and followed, of knowingly allowing his photographs to be available on the web without attribution of his creation or copyright, and then threatening to sue and suing if necessary those who, typically without knowledge of his claim to copyright, download and use his photos for background on their websites or social media pages, and demanding amounts to settle his claims that are extortionate in amount relative to the fair value of the use of the photos or damages he could realistically expect to recover--knowing that the persons he claims to pursue will likely pay extortionate amounts rather than incur the likely greater costs of defense.[2] All H&N's discovery requests here at issue seek information relevant to its misuse defense and necessary to prove its case.

The relevance and discoverability of exactly the type of information being sought by H&N have previously been found properly discoverable by Judge Ritter in his above-referenced opinion

---

[2] It is particularly noteworthy and suggestive of his motive, that of the 80 or so defendants Harrington has sued in federal courts throughout the country (representing only a portion of those he has threatened), Harrington has never actually tried any of his cases. According to his discovery responses in others of the similar cases he has ever filed in any court, the only favorable judgments he has ever obtained were two default judgments and one case in which he was awarded summary judgment for $3,200 in statutory damages (and was denied his request for attorneys fees).

and order in Harrington v. 360 ABQ, LLC. In that case, in which the claims and defenses asserted by the parties were essentially identical with the claims and defenses asserted in the instant case, Judge Ritter ordered Mr. Harrington to produce documents containing the terms of agreements he had entered with alleged infringers--just as H&N here seeks--covering the period beginning January 1, 2015 but without any subsequent time limitation. The same reasoning applies in the present case, in which H&N has sought such documents covering the period January 1, 2017, without any back-end time limitation. Consistent with Judge Ritter's Order in 360 ABQ, there is no justification for Mrs. Harrington to impose a time limitation on her response to H&N's discovery requests.

      C.     Harrington has shown no justification for providing misleading written responses, and refusing to produce documents being sought by H&N.

H&N is entitled to have accurate, not misleading, responses to its discovery requests seeking information relevant to its defenses and counterclaims in this matter. Here Plaintiff's written response to interrogatory no. 22, and the companion document request no. 10, are knowingly misleading. If Harrington had never issued any takedown notices or similar directives to website hosts seeking the removal of photographs he claimed as his, as appears to be the case, he--or his widow as substitute Plaintiff in this case--should say so. The responses indicating that there are such notices, and that they will be produced, in the absence of any responsive information or documents, is consciously misleading and misleading responses to discovery requests are not acceptable. This is also true with respect to Mrs. Harrington's response to document request no. 4, by which she stated she was producing responsive documents, but in fact produced no documents that could support a contention that H&N's conduct was willful. See, e.g., Kerr v. Burlington Northern & Santa Fe Ry., 1999 U.S. Dist. LEXIS 24673, ** 7, 15 (D.N.M. March 9, 1999).

Nor is it acceptable for Harrington to unilaterally impose time limits on discovery without some justifiable basis. The refusal to produce documents after what appears to be an arbitrary date (arbitrary in relationship to the document requests at issue), which documents have previously been determined to be discoverable by Judge Ritter in the companion case of Harrington v. 360 ABQ, LLC, discussed above, has no justification. According Harrington should be compelled to produce any documents responsive to document requests nos. 6 and 10[3] without regard to the January 28, 2022 time limitation that Harrington attempted to impose by his responses to these documents requests.

D. H&N is entitled to an award of expenses including attorneys' fees in connection with their motion to compel.

Rule 37(a)(5), F.R.C.P. provides that if a motion to compel is granted, or prompts the requested disclosure, the court "must" require the party whose conduct necessitated the motion or the attorney advising the conduct to pay the moving party's expenses, including attorneys' fees, incurred in making the motion. The only exceptions to that requirement are if the moving party failed to first attempt in good faith to attempt to obtain the discovery; the opposing party's objection was substantially justified; or circumstances made an award of expenses unjust. Rule 37(a)(5)(A)(i-iii). None of those exceptions exist here. See, e.g., Walker v. THI of New Mexico at Hobbs Center, 2011 U.S. Dist. LEXIS 158815, *14 (D.N.Mex. June 10, 2011) (Court ordered defendant to amend an interrogatory answer and produce documents responsive to several document requests, and awarded plaintiff 2/3 of her expenses, after finding 1/3 or

---

[3] To the extent Harrington genuinely has no documents such as takedown notices that would be responsive to document request no. 10, of course, as discussed above, he should be required to say so. The response to that document request, referencing a time limitation of the response, would appear to be an attempt to further obscure whether or not Plaintiff has any documents responsive to H&N's request.

9

defendant's responses were substantially justified).

Here Mrs. Harrington cannot justify her discovery conduct. She has refused, after good faith efforts by H&N to obtain discovery, to properly answer one interrogatory or produce documents seeking information relevant to H&N's affirmative defenses, counterclaims, and need for information, all within the scope of discovery. Mrs. Harrington has refused to comply with discovery obligations in order to stymie H&N in its efforts to secure information relevant and essential to its case. Objections asserted by her counsel are baseless. An award of expenses including attorneys fees should be made.

## CONCLUSION

For reasons set forth above this Court should order Mrs. Harrington to properly answer the interrogatory and produce the documents as requested by H&N in this motion. The Court should further order Mrs. Harrington or her attorneys to reimburse Plaintiff for its costs, including attorneys' fees, reasonably incurred in seeking the relief here being requested.

Respectfully submitted,

By: /s/ Jeffrey L. Squires
SQUIRES LEGAL COUNSEL, LLC
P.O. Box 92845
Albuquerque, NM  87199
Tel:  505-835-5500
Email:  jsquires@squireslegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN HARRINGTON, )
   Plaintiff, )
 )
v. ) Case No. 1:22-cv-451-KG-LF
 )
HERMOSILLO & NUNEZ OF NEW )
   MEXICO, LLC, )
   Defendant )

# CERTIFICATE OF SERVICE FOR DEFENDANT/COUNTERCLAIM PLAINTIFF HERMOSILLO & NUNEZ OF NEW MEXICO, LLC'S MOTION TO COMPEL

I hereby certify that on this 25th day of July, 2023, a true and correct copy of Defendant/Counterclaim Plaintiff Hermosillo & Nunez of New Mexico, LLC's Motion to Compel in the above-captioned matter, including this Certificate of Service, was filed and served, via the Court's CM/ECF system, to the following counsel of record:

Daniel DeSouza
Lauren Hausman
COPYCAT LEGAL, PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL  33065
Telephone:  (877) 437-6228
Email:  dan@copycatlegal.com
       lauren@copycatlegal.com


*/s/ Jeffrey L. Squires*